UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION
Case No.

RAQUEL MEDEL,

    Plaintiff,

v.

AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA,

    Defendant.

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA ("American Bankers"), a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] and appears herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States."[3] American Bankers files this Notice of Removal and hereby removes this matter from state court to the docket of this Honorable Court. American Bankers respectfully shows as follows:

I.

On February 10, 2010, Plaintiff, Raquel Medel, filed a Complaint in the 11th Judicial Circuit Court in and for Miami-Dade County, State of Florida, entitled "*Raquel Medel v. American Bankers*

---

[1] *See* 42 U.S.C. §4001 *et seq*.

[2] 44 C.F.R. §62.23(f).

[3] 42 U.S.C. §4071(a)(1); *Sanz v. U.S. Security Ins. Co.*, 328 F3d. 1314, 1316 (11th Cir. 2003). *See also*, *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

Case No.

*Insurance Company of Florida*," bearing case number 10-10041CA30.  A true and correct copy of all pleadings filed in the record of the state court proceeding is attached hereto as Exhibit "A."

II.

For the reasons that follow, American Bankers hereby removes this case from state court to this federal court, pursuant to 42 U.S.C. §4072, 44 C.F.R. Pt. 61, App. A(1), Article IX, 28 U.S.C. §1331 and 28 U.S.C. §1367.

A.  **REVIEW OF PLAINTIFF'S COMPLAINT**

1. At paragraphs 7 and 8, Plaintiff alleges that her dwelling, personal property and real property located at 2520 Lucerne Avenue, #2 Miami Beach, Florida 33140 was damaged by water on or about June 10, 2009 and that the policy issued by American Bankers was in full force and effect when her property was damaged.

2. At paragraphs 8, 18 and 19, Plaintiff alleged that she secured insurance from American Bankers.

3. At paragraphs 14 and 21, Plaintiff alleged that American Bankers has failed to acknowledge that additional payment would be forthcoming and has failed to comply with the terms of the appraisal provision in the policy.

4. At paragraphs 6, 7, 8, and 18, Plaintiff alleged that she and American Bankers entered into a written contract, the Policy, which was in full force and effect on June 10, 2009, and that the Insured agreed to pay a premium and the Insurance Company agreed to insure the Insured's Property have a binding insurance policy with American Bankers which provides for payment of the losses sustained in this case. A copy of the Declarations page is attached as Exhibit B.

Case No.

5. At paragraphs 14, 15, 21 and 22, Plaintiff alleged that despite demand for payment, American Bankers has breached the contract by failing to indemnify the loss.

6. At paragraphs 15 and 22, Plaintiff alleged that she has been damaged as a result of American Bankers' breach of contract.

7. At paragraph 16, Plaintiff alleged that as a result of American Bankers' breach of contract, it has become necessary for them to retain an attorney and to pay a reasonable fee and cost.

8. At paragraphs 19 and 20, Plaintiff alleged that she has complied with all conditions precedent under the Policy.

**B.   THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE**

9. Congress underwrites all operations of the NFIP through the U.S. Treasury. This includes appropriations for both the adjustment of claims and the payment of those claims. Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically the Federal Emergency Management Agency ("FEMA").

10. American Bankers, as a WYO Program carrier, is authorized to issue the Standard Flood Insurance Policy ("SFIP") on behalf of the federal government pursuant to the "Arrangement" between itself and FEMA, set forth at 44 C.F.R. Pt. 62, App. A.

11. American Bankers cannot waive, alter or amend any of the provisions of the SFIP. *See* 44 C.F.R. §61.13(d) and 44 C.F.R. Pt. 61, App. A(1), Art. VII(D)(Oct. 1, 2005 edition).

12. Further, American Bankers has no authority itself to tailor or alter NFIP policies backed by the government. 44 C.F.R. §62.23.

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131-3302 • (305) 789-9200

Case No.

13. American Bankers' role, as a WYO Program carrier and as set forth in the Arrangement, is to market, sell, administer, and handle claims under SFIPs that it is authorized to issue on behalf of the federal government. It is clear that American Bankers, in its WYO capacity, is conducting all of these actions in its "fiduciary" capacity as the "fiscal agent" of the United States. *See* 44 C.F.R. §62.23(f) and 42 U.S.C. §4071(a)(1), respectively.

14. All flood claim payments made by a WYO Program carrier, such as American Bankers, under an SFIP are made out of a segregated account containing U.S. Treasury funds, as required by 44 C.F.R. Pt. 62, App. A, Art. III. In *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1311 (11th Cir. 2001), *rehearing en banc denied*, 263 F.3d 172 (11th Cir. 2001), the Eleventh Circuit analyzed what funds are at stake in the NFIP with regard to claims for interest and noted that "claim payments come out of FEMA's pocket regardless of how they are paid." Moreover, the Fifth Circuit has held that "payments made pursuant to that policy are 'a direct charge on the public treasury.'" *Gowland*, 143 F.3d at 955, citing to *In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir.1987).

15. Any judgment that might be rendered in this case against American Bankers arising out of how it adjusted Plaintiff's SFIP claim would be paid by the federal government, and not by American Bankers. In *Shuford v. Fidelity National Prop. and Cas. Ins. Co.*, 508 F.3d 1337, 1343 (11th Cir. 2007), the Eleventh Circuit noted that "a suit for benefits under the National Flood Insurance Program raises the same concerns, under the Appropriations Clause, as a suit against a governmental entity because benefits under the National Flood Insurance Program are paid from the federal treasury." *See also*, *Newton, supra* and FEMA's explanations to the Fifth Circuit in its *amicus curiae* brief in *Gallup v. Omaha Prop. and Cas. Ins. Co.*, 434 F.3d 341 (5th Cir. 2005).

-4-

Fowler White Burnett P.A. • Espirito Santo Plaza, 1395 Brickell Avenue, 14th Floor, Miami, Florida 33131-3302 • (305) 789-9200

Case No.

16. The NFIP, the SFIP, and the WYO Program carriers participating in the NFIP are all governed by federal law, not state law. *See West v. Harris*, 573 F.2d 873 (5th Cir. 1978), *cert. denied*, 440 U.S. 946 (1979). In *West*, 573 F.2d at 881, the court stated the following:

> Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.

**C.    FEDERAL JURISDICTION**

    **(1).    42 U.S.C. §4072 – Original Exclusive Jurisdiction**

17. 42 U.S.C. §4072 conveys "original exclusive" jurisdiction over claims handling matters under the SFIP. In *Shuford*, 508 F.3d at 1344, the Eleventh Circuit held that "we have clarified the policy language pertaining to jurisdiction, venue and applicable law to emphasize that matters pertaining to the Standard Flood Insurance Policy, including issues relating to and arising out of claims handling, must be heard in Federal court and are governed exclusively by Federal law."

18. Pursuant to 42 U.S.C. §4072, the United States District Court for the district encompassing the insured property as of the date of the loss has "original exclusive" jurisdiction to hear such a case. *See Shuford, supra*; *Hairston v. Travelers Casualty & Surety Co.*, 232 F.3d 1348 (11th Cir., 2000); and *Seibels Bruce Ins. Co. v. Deville Condominium Association, Inc.,* 786 So.2d 676 (Fla. App. 1 Dist., 2001).

19. Plaintiff is aware of the requirement of filing in federal court as SFIP Article VII(R) clearly states that the insured "must file suit in the United States District Court of the district in which the covered property was located at the time of the loss." Certainly American Bankers is not

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131-3302 • (305) 789-9200

Case No.

suggesting that jurisdiction can be created by contract, but instead it is pointing out that Plaintiff was fully aware of the requirement of filing in federal court.  Further, because the SFIP is a codified federal regulation, Plaintiff is charged with the knowledge of this requirement. *See Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947).

20. In this case, Plaintiff alleged that American Bankers has refused to pay for all the damages to her property, thereby breaching its contract of flood insurance. *See* Complaint.  Thus, Plaintiffs has made a claim arising out of how American Bankers handled her flood loss claim under the SFIP, thereby making removal proper pursuant to 42 U.S.C. §4072.

**(2).    28 U.S.C. §1331 - Federal Question Jurisdiction**

21. American Bankers asserts that the SFIP is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(1) and is governed exclusively by federal laws and the NFIA. As per the terms of the SFIP, "this policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, et seq.), and federal common law." 44 C.F.R. Pt. 61, App. A(1), Article IX.  Because the flood policy must be interpreted using federal common law, federal jurisdiction exists pursuant to 28 U.S.C.§1331.

22. In order to determine what, if any, U.S. Treasury benefits the Plaintiff may be entitled to receive, the Court will necessarily have to interpret the SFIP itself as well as the federal laws, regulations and statutes governing the SFIP.  Federal common law governs the interpretation of the SFIP, and courts must "interpret the SFIP in accordance with its plain, unambiguous meaning." *Linder & Assoc., Inc. v. Aetna Cas. & Sur. Co.*, 166 F.3d 547, 550 (3rd Cir. 1999).  As the SFIP is

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131-3302 • (305) 789-9200

Case No.

a federal law, necessarily the interpretation of the SFIP (and the federal laws governing the operation of the NFIP) to determine the coverage provided thereunder and any amounts due under the SFIP would require the interpretation of a federal law which presents a federal question. Thus, there is federal question jurisdiction under 28 U.S.C. §1331, and the case is therefore also removable pursuant to 28 U.S.C. §1441(a), (b) and (c).

23. Plaintiff seeks to invoke the appraisal process. *See* Complaint, ¶12. Article VII(P) of the SFIP sets out the requirements for the appraisal process. As the SFIP is a codified federal law, the court would need to interpret Article VII(P) to determine whether Plaintiff's request for appraisal is appropriate.

24. Clearly, the payment that the Plaintiff seeks from American Bankers under the SFIP would be a "direct charge on the public treasury," and would be "binding" upon the federal government. *See Gowland*, 143 F.3d at 955; and 44 C.F.R. Pt. 62, App. A, Art. II(F).

25. Pursuant to 28 U.S.C. §1331, and by operation of 28 U.S.C. §1441(a), (b) and (c), American Bankers asserts that there are multiple federal questions presented within the Plaintiff's Complaint thereby making the action removable pursuant to 28 U.S.C. §1331.

**D.   THERE IS SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS**

26. To the extent that any of the claims of the Plaintiff is not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. §1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131-3302 • (305) 789-9200

Case No.

controversy under Article III of the United States Constitution." 28 U.S.C. §1367.  *See Exxon Mobile Corp. v. Allapattah Services, Inc.*, 125 S.Ct. 2611, 2620 (2005).

27.     All of the claims put at issue in the Plaintiff's Complaint arise from the property damage that she allegedly sustained as a result of flooding that occurred on June 10, 2009, and from her efforts to obtain flood insurance benefits as a result of that loss.  As such, all of the Plaintiff's legal claims arise from the same nucleus of operative fact, that being the underlying flood loss claim, and all of the insurance issues arising therefrom. Traditionally, federal courts have exercised supplemental jurisdiction over all such claims in cases of this type. *See, e.g., Winkler v. State Farm Fire*, 266 F.Supp.2d 509, 513-14 (S.D.Miss. 2003); and *Jamal v. Travelers Lloyds of Texas Ins. Co.*, 97 F.Supp.2d 800, 805 (S.D.Tx. 2000). Handling all claims arising in this dispute in one forum will serve the interest of judicial economy and fairness. *Winkler,* 266 F.Supp.2d at 514.

**E.     PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET**

28.     American Bankers notes that its first knowledge or notice of the suit was on March 17, 2010, when it was mailed via electronic delivery from the office of the Chief Financial Officer of the State of Florida, a copy of which is attached hereto as part of Exhibit A.  The 30-day period in which to remove does not commence running until the defendant is actually served.  American Bankers was served with the lawsuit on March 17, 2010.  This Notice of Removal is filed on April 5, 2010.  Thus, this Notice of Removal is "filed within the thirty days after receipt by the defendant," as required by 28 U.S.C. §1446(b), and it is therefore timely.

29.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as the property and the majority of the transactions at issue occurred within the jurisdictional territory of this Court.  Venue

Case No.

is also proper pursuant to 42 U.S.C. §4072 and 44 C.F.R. Pt. 61, App. A(1), Article VII(R).

30.     Pursuant to 28 U.S.C. §1446(a), attached hereto as Exhibit A is a copy of all processes, pleadings, and orders served on American Bankers to date.

## CONCLUSION

WHEREFORE, Defendant, American Bankers Insurance Company of Florida, prays that this Notice of Removal will be deemed good and sufficient, and that this matter will be accepted onto this Court's docket.

                    Respectfully submitted,

                    s/ J. Michael Pennekamp
                    J. Michael Pennekamp
                    Fla. Bar No. 983454
                    FOWLER WHITE BURNETT P.A.
                    Espirito Santo Plaza, 14th Floor
                    1395 Brickell Avenue
                    Miami, Florida 33131-3302
                    Telephone: (305) 789-9200
                    Facsimile: (305) 789-9201
                    E-mail: jmp@fowler-white.com
                    *Local Counsel for American Bankers Insurance Company of Florida*

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 5th day of April, 2010 to Anthony M. Lopez, Esq., Marin, Eljaiek & Lopez, P.L., 2601 South Bayshore Dr., Suite 700, Coconut Grove, FL 33133.

                    s/ J. Michael Pennekamp
                    J. Michael Pennekamp